UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KALVIN CLARK, )
)
       Plaintiff, )
)
v. ) 18-CV-1367
)
WEXFORD, *et al.*, )
)
       Defendants. )

## MERIT REVIEW AND CASE MANAGEMENT ORDER

    The plaintiff, proceeding *pro se*, and currently incarcerated at Pontiac Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

    In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted). The court has reviewed the complaint and has also held a merit review hearing to give the plaintiff a chance to personally explain his claims to the court.

        Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that on September 3, 2017, he was ordered to "cuff up" and was removed from his cell. Immediately thereafter, defendants J. Davis, Fikes, Newkirk, and a correctional officer plaintiff could not identify (John Doe #1), began

1

kicking and punching plaintiff even though defendants knew that plaintiff had a serious heart condition.

On September 29, 2017, plaintiff experienced chest pains and breathing problems. Plaintiff informed two correctional officers, whose names he did not know (defendants John Doe #2 and John Doe #3), about his medical problems but they did not seek to provide him medical treatment. Sometime later, plaintiff informed defendant nurse Jade Culkin about his medical emergency as she passed out medication, but Culkin walked away without providing plaintiff medical assistance.

On October 9, 2017, plaintiff attempted to tell defendant Molinero, a "mental health person," about the September 3, 2017, incident, but Molinero refused to listen and walked away.

On the afternoon of November 26, 2017, plaintiff experienced chest pains but defendants Dicks and Sorenson disregarded his serious medical condition. Later that evening, plaintiff informed defendant nurse Sharpe about his situation as she passed out medication, but Sharpe walked away without providing plaintiff medical assistance.

On November 30, 2017, plaintiff informed defendant Culkin that he was experiencing chest pain and difficulty breathing, but Culkin refused to provide plaintiff medical attention.

Plaintiff acknowledges that on March 10, 2018, defendant nurse Sabrina brought plaintiff medication to treat an infection. Plaintiff claims that Sabrina was deliberately indifferent to his serious medical needs by "refusing plaintiff treatment."

On an unidentified date, plaintiff informed defendant Goldsmith of heart discomfort and shortness of breath, but Goldsmith took no action.

On July 26, 2018, plaintiff had heart surgery that defendant Ojelade permitted to get infected twice.

Plaintiff states an excessive force claim against defendants Davis, Fikes, Newkirk, and Doe #1. Plaintiff also states a claim for deliberate indifference to a serious medical need against defendants Culkin, Dicks, Doe #2, Doe #3, Goldsmith, Molinero, Ojelade, Sharpe, and Sorenson. Despite plaintiff's contention that Sabrina was deliberately indifferent to his serious medical need, the only facts plaintiff presents to support his allegation is that Sabrina provided plaintiff medication for an infection.

Thus, as pleaded, plaintiff fails to state a claim against defendant Sabrina. In addition, although plaintiff lists Wexford Health Sources, Inc., and wardens Kennedy and Melvin as defendants in the caption of his complaint, he does not provide any facts that demonstrate a constitutional violation. Merely invoking the name of a potential defendant is not sufficient to state a claim against a defendant. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

IT IS THEREFORE ORDERED:

     1.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states Eighth Amendment claims for (1) excessive force against Defendants Davis, Fikes, Newkirk, and Doe #1 and (2) deliberate indifference to a serious medical need against Defendants Culkin, Dicks, Doe #2, Doe #3, Goldsmith, Molinero, Ojelade, Sharpe, and Sorenson.  Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

     2.     This case is now in the process of service.  The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

     3.     The court will attempt service on the defendants by mailing each defendant a waiver of service.  The defendants have 60 days from the date the waiver is sent to file an answer.  If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service.  After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

     4.     With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's

current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

     5.     The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

     6.     This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

     7.     Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

     8.     The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

     9.     If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that

defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Wexford, Nurse Sabrina, and Wardens Kennedy & Melvin of Pontiac as defendants.

12. The clerk is directed to add Nurse Sharpe as a defendant and list the John Doe defendants as John Doe #1, #2, and #3.

13. The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

14. The plaintiff has filed two motions for appointment of counsel [6, 7] which demonstrates that he has made reasonable efforts to obtain his own attorney. The court does not have the authority to require an attorney to accept pro bono appointment on a civil case such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). In determining whether the court should attempt to find an attorney to voluntarily take the case, the question is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt* at 654-55. The plaintiff does not set forth his educational level or his litigation experience, but his pleadings adequately convey the relevant facts of his claim, which appear relatively simple. Additionally, the plaintiff should already have personal knowledge of many of the relevant facts, and he should be able to obtain relevant documents to corroborate his claims through discovery requests to the defendants. At this point, the plaintiff appears competent to proceed *pro se*. Therefore, the plaintiff's motions for counsel [6,7] are DENIED, with leave to renew on a more developed record. If the plaintiff renews his motion for counsel, the plaintiff should set forth his educational level, litigation experience in state and federal court, classes taken during incarceration, and job history.

15. A digital recording of the merit review hearing has been attached to the docket.

Entered this 9th day of November, 2018

_____s/Harold Baker_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE