FILED

FEB 14 REC'D 2019

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

United State District COrt
Central District of Illinois
~~central~~ Central Division

MALVIN, CLARK
Plaintiff

V.

Wexford et al
Defendents

CASE No. 1:18-CV-1367-SLD

Judge: Harold A. BAKER

## MOTION FOR RECONSIDER APPOINMENT OF counsel/with MEMORANDUM OF LAW INCLUDED

Now comes The PLAINTIF PRO SE ~~her~~ ASKing This Honorable Court to Appoint him counsel in this Litigation Due to the Difficulties He's facing As A Pro SE ~~ty~~ Litigant Who Has BEEN Transfered from the institution where This complaint WAS initially fired.

1. Plaintiff has written Several Lawfirms/ Lawyers Asking for Their Assistance in this Issue: Kirkland, Ellis, ~~up town law offices~~ ~~LBBK~~, Land of LincoLN Legal Assistance, West Town Law office, uptown people's LAW center, People's Law office, Jones day, I only Got one Response BAck from All Those Letters. Exhibit

2. Gil v. Reed 381 f. 3D 649, 658 (7th CIR 2004) The threshold

consideration in Determining whether to Appoint Counsel is whether the inmate has Attempted, Failed to Procure Counsel on his own.

3. Plaintiff's complaint involves him being Denied medical CARE AS A Result of Heart infection, And Lack of medical treatment And Aggressive force. He is being Denied his medical file by Defendants in Discovery AS ~~every~~ unduly Burdensome to them to provide.... But they plan on using his medical files themselves, so Plaintiff should be provided this Document AS well. ~~face~~ Jackson v. County of Mc Lean, 953 f. 2D 1070 1073 (7th CIR. 1992) " The Presence of medical or ~~other~~ Other issues Requiring expert Testimony, Supports the Appointment of Counsel."

4. ~~Because~~ Plaintiff is unable to identify, Locate, or interview witness who were housed in nearby Cells, the same Cell house or In the Same institution where this Complaint originated At because he has been transferred to another facility. Tucker v. RANDALL, 948 f. 2D. 288, 391-92 (7th CIR. 1991) "AN ~~incarcerated~~ ~~facility~~ inmate who has been transferred to A Different institution is A factor that several Courts have Cited in Appointing Counsel." Exhibit B.

5. Plaintiff would like to call witnesses to show that others were subjected to these harsh, severe, extreme inhumane conditions of confinement, But he's unable to Locate or interview witnesses Due to him being transfered from out of that institution to Another facility, this stops him from being Able to obtain An Affidavit or Declaration from anyone of these witnesses or communicate with them in Anyway, this prevents him from presenting An effective case.

(6.) Plaintiff is faced with A CREDIBILITY issue that put his word As to what happen Against the Defendents Word As to what State The institution (Pontiac correctional Cente) is in, so plaintiff will need to be Able to call his witnesses, Depose Defendents, Gather Discovery that is ~~best~~ necessary To prove want He is Alleging He was Subjected to whale Housed There, Tucker V. Randall, 948 f. 2d 388. 391-92 (7th cir 1991) (noting that prisoner could not effectively investigate case Arising At A Jail from which He Had been transfered.) Montgomery v. Pintchak, 294 f. 3d 492, 502 (Directing Appointment of counsel because im-prisoned plaintiff could Not Take Necessary Dis-positions, Encountered multiple ~~obstance~~ obstacles

"In Discovery, both in ever Resistance of the Defendents Discovery Tactics [that]... These [Discovery] Rules Prevented the Plaintiff from Presenting An Effective Case.")

7. Plaintiff is hindered from Researching Case Law about issues of his complaint Due to being Denied Access to the Facilities Law library. Ruyes v. Johnson, 969 F. 2D At 703-04 (Counsel should have been Appointed for An inmate who Lacked ready Access to A Law library, Showed that he did not Understand Discovery Procedures & Could not Articulate all his Claims. BEARD v. BANKS, 548 U.S. 521, 534, 126 S. CT. 2572 (2006) (Emphasis Supplied) (Be sure to quote this to the Court if you request Appointment of counsel in counsel in a Challenge to prison policies Based on the need for Expert Testimony.) ~~Defendants~~ ~~Case efcast this~~

8. Plaintiff is An indigent Prisoner with No proper Official Legal training. A factor that Supports the Appointment of counsel. Forbes v. EDGAR, 112 F. 3D 262, 264 (7th CIR. 1997) In Addition, with Very Limited Access to Legal materials

9. <u>GreeNo v. DALAY</u>, 414 f. 3d 645, 658 (7th CIR. 2005)
(In Reversing Refusal to Appoint Counsel, Appellate
Court Stated that District Court was Wrong in Saying
the Case was factually Simple & Requests over A
Period of 1-2 years, requires An Assessment
of the Adequacy of treatment which will likely
Require expert testimony.

10. Plaintiff suffers from mental health Disease, He
was prescribed (2) different medication - Remron,
tenex and ability, But not at the moment because
of heart issue and high blood presussure. And
Just had 3 major surgery for heart matter, So he
is not able to take that medication at the moment
because of RISK to heart, But he has to see a
psychiatrist once A month & A psycologist every
90 days Also. <u>King v. frank</u>, 328 f. Supp. 2d 940 (w.D.-
Wis. 2004) (Declining to Appoint counsel for
A Plaintiff who said he was mentally ill, Since
It was to Early to Determine whether the
Complex questions Raised were Sufficiently
meritorious to Appoint Counsel.) Some courts have
Criticized this practice. See <u>HENDRICKS v. Coughlin</u>,
114 f. 3d 390, 393, (Stating Such A policy plainly poses

Catch-22 problems" where Assistance of counsel may Be "vital to surviving" the Motion.) See Also Hughes V. Joliet Correctional center, 931 f. 2d 425, 429-30 (7th CIR. 1991) (Disapproving policy not to appoint Counsel except for Evidentiary Proceedings." In this CASE a Summary Judgement Affidavit was Required.

Nilsson V. Coughlin, 670 f. Supp. 1186, 1189 ("the Nature of the inquiry Demanded in a totality of the Conditions' Action is complicated the factual issues Are ~~Different~~ Difficult & Intertwined". (Citation omitted)

Swofford V. Mandrell 969 f. 2d 547, 550 (7th CIR. 1992) (Pointing out that "Difficult & Subtle Questions" of State of mind required for Deliberate Indifference is too complex for pro se plaintiff to understand & present to A Jury.

11. Plaintiff has been having Difficulty getting defendents to turn over necessary & needed Discovery & they have made It extremely Difficult for him to present An Effective CASE Due to them Intentionally withholding

Documents that he need to Show and Prove the ~
Allegations of his complaint. Defendent have
Claimed that Plaintiffs Requests are unduly Burden-
Some, they Are not, Because they pertain to the
Allegations of the complaint. If they will not
turn over these Documents to Plaintiff then Counsel
need to be Appointed in this case so the Documents
Can be obtained because they Show that defendents
Knew about the Claims/Issues, did nothing to fix
them or stop them from harming plaintiff, & Violating
his Constitutional Rights.


12. Issues of Qualified Immunity, Summary Judgment,
the related issue of Damages, Possible trial on Such
Issues Wold best be handled by an experienced
Attorney. Vines V. Howard 676 f. Supp. 608, 616



#8

13. Plaintiff is not asking for counsel to waste this honorable courts time or to Accuse the named Defendents of Some frivilous claim or to seek Documents that Don't exist for A complaint or Constitutional violation that can't be proven--- Plaintiff is begging this court for counsel to be Appointed to his case to give him a chance at defending himself which Plaintiff will Lose because he lacks the legal training, Doesn't know how to word it, cant cuet the Discovery Documents that needs has requested by defendants; he is unable to depose any of the listed Defendents.... & those Are thing that plaintiff will need to not only win or Defeat a motions that defendant using against me But to prepare for a decison that cleam defense.


where WHERE FOR THE REASONS LISTED IN THIS MOTION, Plaintiff ASKS THIS Honorable Courts To Appoint him counsel In this Complaint; whatever else that it Deem Just & necessary :

# 9

DATE: 1-30-19

Respectfully Submitted By?

Kalvin Clark # M33471
P.O. Box 112
Jolled, IL 60434

K. Clark ~

Enclosed Evidence to claim from
Self and defendants for Why I'm asking
for counsel    Exhibits Are in there

Closed file information
prepared for Kalvin Clark #M33471
on May 1, 2018

Why did the child come into the care of DCFS?
According to the file material, on 05/26/1994, DCFS was contacted and Kalvin was removed from the home due to a substantial risk that the child would not be safe remaining in the home. Kalvin was brought into the care of DCFS.

What was the relationship between the birth parents at the time the child came into care?
- ☐ Married to each other
- ☐ Divorced from each other
- ☒ Not married to each other
- ☐ Living together
- ☒ Not living together
- ☐ Unknown
- ☐ Not Noted
- ☐ Other

Did the file contain information pertaining to the identity of the birth father?
- ☒ Yes, the file contained the name of the birth father.
- ☐ Yes, the file contained the name and other identifying information of the birth father.
- ☐ No, the file did not contain any information regarding the identity of the birth father.
- ☐ Other

How were the birth mother's parental rights terminated?
- ☒ By court order
- ☐ By voluntary surrender
- ☐ Unknown
- ☐ Not Noted
- ☐ Other

How were the birth father's parental rights terminated?
- ☒ By court order
- ☐ By voluntary surrender
- ☐ Unknown
- ☐ Not Noted
- ☐ Other
- ☐ Prior to 1984, under Illinois law it was not necessary to terminate the parental rights of the birth father.

© Copyright 2009, Midwest Adoption Center

Closed file information
prepared for Kalvin Clark #M33471
on May 1, 2018

## BIRTH AND NEWBORN INFORMATION

☐ *If this box is checked, then no information regarding the child's birth could be found in the record.*

☐ *If this box is checked, a copy of one or more documents pertaining to the child's birth found in the file is attached.*

| NEWBORN'S BIRTH DATA | | | | |
|---|---|---|---|---|
| **DATE OF BIRTH** | 04/23/1994 | **TIME OF BIRTH** | Not noted | **PLACE OF BIRTH** Chicago, Illinois |

| PRENATAL CARE AND PREGNANCY INFORMATION |
|---|
| **Did the file contain information pertaining to whether the birth mother received prenatal care?**<br>☐ Yes, the file indicated that the birth mother received prenatal care.<br>☐ Yes, the file indicated that the birth mother received prenatal care; however, no information was noted about the type of prenatal care.<br>☐ Yes, the file indicated that the birth mother received no prenatal care.<br>☒ No, the file did not contain any information regarding prenatal care.<br>☐ Other |

| | |
|---|---|
| **MEDICAL COMPLICATIONS OR PROBLEMS FOR THE BIRTH MOTHER DURING HER PREGNANCY** | |
| **MEDICATION TAKEN BY THE BIRTH MOTHER DURING HER PREGNANCY** | |
| **INSTANCES OF ALCOHOL, NICOTINE, AND/OR ILLEGAL DRUG USE BY THE BIRTH MOTHER DURING HER PREGNANCY** | |

| LABOR, DELIVERY AND NURSERY INFORMATION | | | | | |
|---|---|---|---|---|---|
| **LENGTH OF LABOR** | | **PRESENTATION** | | **TYPE OF DELIVERY** | |
| **ANESTHESIA AND/OR MEDICATION GIVEN TO THE BIRTH MOTHER DURING HER LABOR AND/OR DELIVERY** | | | Not noted | | |
| **PKU TEST** | | **COOMBS** | | **VDRL** | |
| **BIRTH WEIGHT** | | | **BIRTH LENGTH** | | |
| **HEAD CIRCUM.** | | | **CHEST CIRCUM.** | | |

Closed file information
prepared for Kalvin Clark #M33471
on May 1, 2018

| HAIR COLOR | | | EYE COLOR | | |
|---|---|---|---|---|---|
| INFANT'S BLOOD TYPE | | | INFANT'S RH FACTOR | | |
| BIRTH MOTHER'S BLOOD TYPE | | | BIRTH MOTHER'S RH FACTOR | | |
| APGAR RESULTS | Score at one minute was | | Score at five minutes was | | |
| COMPLICATIONS DURING LABOR AND/OR DELIVERY | | | | | |
| RESPIRATION AND RESUSCITATION OF THE INFANT AT BIRTH | | | | | |
| GENERAL CONDITION OF THE INFANT AT BIRTH | | | | | |
| MEDICATION OR TREATMENT GIVEN TO THE INFANT | | | | | |
| PROGRESS OF THE INFANT IN THE HOSPITAL NURSERY | | | | | |
| TESTS ADMINISTERED TO THE INFANT IN THE HOSPITAL NURSERY | | | | | |
| *DISCHARGE INFORMATION* | | | | | |
| MEDICATION AND/OR PROCEDURES ADMINISTERED TO THE CHILD AT DISCHARGE | | | | | |
| GENERAL CONDITION OF THE CHILD AT DISCHARGE | | | | | |
| DISCHARGE WEIGHT | | | DISCHARGE DATE | | |
| COMMENT REGARDING DISCHARGE | | | | | |

© Copyright 2009, Midwest Adoption Center

Closed file information
prepared for Kalvin Clark #M33471
on May 1, 2018

## PLACEMENT INFORMATION

| DATE PLACEMENT BEGAN | DATE PLACEMENT ENDED | TYPE OF PLACEMENT |
|---|---|---|
| 05/26/1994 | 06/17/1999 | Relative foster care/Adoptive home |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

The birth father attended one visit in 1995 on Kalvin's birthday.

## INSTANCES OF ABUSE OR NEGLECT

© Copyright 2009, Midwest Adoption Center

Closed file information
prepared for Kalvin Clark #M33471
on May 1, 2018

## BIRTH PARENT INFORMATION

*Information pertaining to the child's birth family that is specified by the Adoption Act to be provided is noted below.*

|  | Mother | Father |  |  |  |
|---|---|---|---|---|---|
| Relative's age at time of child's birth | 23 |  |  |  |  |
| Race or ethnic background |  |  |  |  |  |
| Religion | Baptist |  |  |  |  |
| Height |  |  |  |  |  |
| Weight or build |  |  |  |  |  |
| Eye color |  |  |  |  |  |
| Hair color |  |  |  |  |  |
| Complexion |  |  |  |  |  |
| Education | Completed the 10th Grade |  |  |  |  |
| Occupation | Waitress; Retail; Secretary |  |  |  |  |
| Hobbies, interests, or talents |  |  |  |  |  |
| General health |  |  |  |  |  |

© Copyright 2009, Midwest Adoption Center

Closed file information
prepared for Kalvin Clark #M33471
on May 1, 2018

*BIRTH SIBLING INFORMATION*

| | Maternal Half Sister | Maternal Half Sister | *See notes on the next page<br><br>Maternal Sibling | | | |
|---|---|---|---|---|---|---|
| Relative's age at time of child's birth | 5 | Born approximately 5 years later | | | | |
| Race or ethnic background | African-American | | | | | |
| Height | | | | | | |
| Weight | | | | | | |
| Eye color | Brown | | | | | |
| Hair color | Brown | | | | | |
| Complexion | "Carmel" | | | | | |
| General health | | | | | | |

© Copyright 2009, Midwest Adoption Center

Closed file information
prepared for Kalvin Clark #M33471
on May 1, 2018

## BIRTH SIBLING INFORMATION

| | | | | | | |
|---|---|---|---|---|---|---|
| Relative's age at time of child's birth | | | | | | |
| Race or ethnic background | | | | | | |
| Height | | | | | | |
| Weight | | | | | | |
| Eye color | | | | | | |
| Hair color | | | | | | |
| Complexion | | | | | | |
| General health | | | | | | |

*There was a mention that the birth mother was due to have a child. It was unclear if this information was accurate. There was no identifying information about this possible birth sibling.

© Copyright 2009, Midwest Adoption Center

Closed file information
prepared for Kalvin Clark #M33471
on May 1, 2018

### BIRTH GRANDPARENT INFORMATION

| | Maternal Grandmother | Maternal Grandfather | Paternal Grandmother | Paternal Grandfather |
|---|---|---|---|---|
| Relative's age at time of child's birth | 54 | 53 | | |
| Race or ethnic background | "White" | "Black" | | |
| Country of origin | Germany | | | |
| Reason for immigrating to the US | | | | |
| Religion | | | | |
| Height | | | | |
| Weight | | | | |
| Eye color | | | | |
| Hair color | | | | |
| Complexion | | | | |
| Education | Completed High School | Completed High School | | |
| Occupation | | Bus Driver | | |
| Hobbies, interests, or talents | "Church" | "Church" | | |
| General health | "Deceased" | | | |

☐ If this box is checked, the file contained information pertaining to the American Indian or First Nations heritage of the adopted person.

© Copyright 2009, Midwest Adoption Center

Closed file information
prepared for Kalvin Clark #M33471
on May 1, 2018

**Immunological disorders** (*For example: Lupus*)

**Mental health** (*For example: counseling or therapy, diagnosed substance abuse, behaviors suggesting substance abuse, Attachment Disorders, Post-Traumatic Stress Disorder*)

According to a caseworker's note dated 10/10/2008, Kalvin "took an overdose of pills in July 2008. He was medically treated and transferred to [a Hospital] for psychiatric care. He was discharged on 08/08/2008."

A caseworker's note dated 10/10/2008, stated that Kalvin was diagnosed with "r/o Bi-Polar and Intermittent Explosive Disorder." He was taking "abilify 5 milligrams PM, and tenex .5 milligrams AM, 1 milligram in the afternoon, and 1 milligram in the evening."

**Orthopedic conditions** (*For example: broken bones, club foot, Muscular Dystrophy*)

**Otolaryngology conditions** (*For example: conditions impacting the ears, nose, and throat, cleft palate, hearing examinations* )

**Respiratory disorders** (*For example: allergies, asthma, chronic pneumonia*)

According to a caseworker's note dated 05/03/1995, "Kalvin was hospitalized for pneumonia in December, 1994. He recovered quickly and is currently doing well."

**Seizure disorders** (*For example: Epilepsy, history of seizures*)

**Sexually transmitted diseases** (*For example: Genital Herpes, Gonorrhea, Syphilis*)

**Skin disorders** (*For example: eczema, parasites*)

**Uro-genital tract disorders** (*For example: kidney or bladder conditions, malformation of reproductive organs*)

**Vision information and disorders** (*For example: vision screenings, blindness, limited vision, vision correction*)

© Copyright 2009, Midwest Adoption Center

Closed file information
prepared for Kalvin Clark #M33471
on May 1, 2018

## MEDICAL INFORMATION

*Medical information pertaining to the child that was found in the file is noted in the appropriate category below. If the file(s) contain information that a birth relative was diagnosed with a physical or psychological/psychiatric condition that is considered to have a genetic implication, it is noted in the appropriate category. If a category is left blank, then no information was found in the file(s).*

☒ *If this box is checked, copies of documents that were found in the files are attached.*

☐ *If this box is checked, this report is being prepared for the adoptive/guardianship parents of the minor. A copy of one or more documents found in the files is attached. If documents pertaining to the health of the child were found in the file, only those documents dated prior to placement in the adoptive/guardianship home are attached.*

| |
|---|
| **Blood disorders** *(For example: Hemophilia, Leukemia, Sickle Cell Anemia, routine blood tests)* |
| |
| **Cardiac defects and disease** *(For example: congenital defect, high blood pressure, Congestive Heart Failure, murmur, stroke)* |
| According to a caseworker's note dated 10/10/2008, Kalvin had a history of "hypertrophic obstructive cardiomyopathy and morbid obesity." He had a Pace Maker since the age of 10 years old. |
| **Dental** *(For example: routine examinations, orthodontics, cavities)* |
| |
| **Developmental delays, neurological, chromosomal and developmental disorders** *(For example: Down's Syndrome, Autism, speech and language delays)* |
| |
| **Digestive tract disorders** *(For example: Crohn's Disease, hernia)* |
| |
| **Endocrine disorders** *(For example: Juvenile Diabetes, Thyroid cancer)* |
| |
| **Immunizations** *(For example: dates or frequency of injections)* |
| Kalvin's immunizations are up to date. For more information, please see documents following this report. |

Closed file information
prepared for Kalvin Clark #M33471
on May 1, 2018

**Other medical information noted in the record** *(For example: unspecified cancer diagnosis, accidents with resulting injuries)*

© Copyright 2009, Midwest Adoption Center

*Exhibit - 4*

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle
Chicago, Illinois 60654

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

December 4, 2018

## LEGAL MAIL - CONFIDENTIAL

Kalvin Clark #M33471
P.O. Box 99
Pontiac, IL 61764

Re:    **Pro Bono Representation**

Dear Kalvin:

This is in response to your recent letter to Kirkland & Ellis LLP seeking pro bono representation. Unfortunately, I am writing to advise you that the firm of Kirkland & Ellis LLP is not in a position to assist you in this matter. Due to the number of requests we receive, we can necessarily only accept a small percentage of requests for pro bono assistance. As such, this decision should not be taken as reflecting on the merits of your matter in any way.

We have forwarded your letter to the Uptown People's Law Center. UPLC represents prisoners throughout Illinois, and is also sometimes able to find pro bono attorneys to represent prisoners. We emphasize that we have no way of knowing whether UPLC will be able to assist you, so you should not wait for them if you are facing any deadlines. You are free to contact UPLC directly about your case at 4413 N. Sheridan, Chicago, IL 60640 for review.

Because we will not be assisting you, we are returning your letter to you, and any supporting materials you sent. I wish you the best of luck in seeking representation.

Sincerely,

Beijing    Hong Kong    Houston    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.



# LAND (OF) LINCOLN
### LEGAL ASSISTANCE FOUNDATION, INCORPORATED

**EXECUTIVE DIRECTOR**
**ADMINISTRATIVE OFFICE**
8787 State Street – Suite 201
East Saint Louis, Illinois 62203

**SERVICE OFFICES**
Alton
Carbondale
Champaign
East St. Louis
Springfield

**DOROTHY O. COOK COMMUNITY LAW CENTER**
8787 STATE STREET – SUITE 101
EAST SAINT LOUIS, ILLINOIS 62203

Telephone: (618) 398-0958
Fax: (618) 398-4813

*scampbell@lollaf.org*

**SERVING ILLINOIS COUNTIES OF:**

Clinton
Monroe
Randolph
Saint Clair
Washington

March 19, 2018

Kalvin Clark-#M33471
P.O. Box 99
Pontiac, IL 61764

Dear Mr. Clark:

I am in receipt of your letter. Land of Lincoln Legal Assistance Foundation, Inc. provides civil legal assistance to the poor in a variety of areas.

However, Land of Lincoln Legal Assistance Foundation, Inc. is federally funded, and under current federal law, we cannot assist prisoners in any civil litigation or in any criminal or post-conviction matters.

I am sorry that we are unable to be of any assistance to you.

Sincerely,

Stacy Campbell, Managing Attorney

SC/kk



# West Town Law Office

2502 West Division Street • Chicago, Illinois 60622
(773) 278-6706 • Fax (773) 278-0635

Melinda Power
Attorney at Law

August 27, 2018

Kalvin Clark
#M33471
P.O. Box 99
Ponitac Il 61764

Dear Mr. Clark:

I have read through your case and I am very sorry to inform you that I cannot take on your case. I am very sympathetic to your situation. However, it is not a case I am able to take on at this time. I wish you the best of luck and encourage you to keep looking for another attorney.

Sincerely,

Melinda Power



UPTOWN PEOPLE'S LAW CENTER

4413 North Sheridan | Chicago, Illinois 60640
Phone: 773.769.1411 | Fax: 773.769.2224
www.uplcchicago.org

April 9, 2018

## PRIVILEGED LEGAL COMMUNICATION

Kalvin Clark
M33471
Pontiac Correctional Complex
P.O. Box 99
Pontiac, Illinois 61764

Re: <u>Request for Assistance</u>

Dear Mr. Clark

We received your letter asking for help with your civil rights case, criminal case or other matter relating to your situation in prison. Unfortunately, we are not in a position to assist you. We are a very small legal clinic. While we represent many prisoners, we get hundreds of letters asking for help, but unfortunately we can only help a very few people. For your information, we do not practice criminal law--including appeals, habeas, post convictions, etc.

Please be assured that our inability to help you does not mean that you do not have a good claim. We are forced to turn down many claims which are both morally compelling and have a sound legal basis. We simply do not have the resources to help everyone who needs help.

If your question is about a case you want to bring challenging the way you are being treated in prison, be sure that you exhaust all administrative remedies. A guide for Illinois prisoners is enclosed. We are returning any documents you sent us. *We have not kept copies.* We wish you the best of luck.

UPLC receives hundreds of letters a month, most of which describe horrific conditions or other violations of people's rights in Illinois prisons. While UPLC wishes we had the resources to take on every meritorious case, we do not. We are a small organization, with only two attorneys. We are therefore severely limited in our ability to obtain relief for individual matters.

However, we do not believe that the corts are the only answer. Letting the public and our elected representatives know what's going on behind the prison walls can start the process of change, and local media has recently become much more interested in covering these stories. The information you give us is



Michael E. Deutsch
Ben H. Elson
Janine L. Hoft
Joey L. Mogul
Shubra Ohri
John L. Stainthorp
Jan Susler
G. Flint Taylor Jr.
Brad J. Thomson

*Of Counsel*
Jeffrey H. Haas
Sarah Gelsomino

July 2, 2018

Dear **Kalvin Clark,**

Please forgive us for the delay in responding to your letter. Unfortunately, we are a small law office with limited resources. While we believe that you may have legitimate issues to litigate in court we sincerely regret that the People's Law Office is not in a position to assist you with that legal struggle.

Sincerely,

People's Law Office

To: Jones Day
77 W. Wacker Chicago, Illinois
60601-1692

I am asking for Representation for my legal claim/medical matter
for civic lawsuit, I wrote multiple law firm to get
Acceptice in, But some didn't Reply. Can you please he
Represent me for a serious health matter or
Consider? As Pro bono fur legal purpose


Sender Information: Clark Kalvin # M33471
P.O. Box 99
Pontiac, Illinois
61764

| | |
|---|---|
| **From:** | ECF_Returns@ilcd.uscourts.gov |
| **Sent:** | Thursday, January 17, 2019 11:07 AM |
| **To:** | ECF_Notices@ilcd.uscourts.gov |
| **Subject:** | [External] Activity in Case 1:18-cv-01367-SLD Clark v. Wexford et al Notice (Other) |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**CENTRAL DISTRICT OF ILLINOIS**

**Notice of Electronic Filing**

The following transaction was entered by Rice, Alexandra on 1/17/2019 at 11:07 AM CST and filed on 1/17/2019

| | |
|---|---|
| **Case Name:** | Clark v. Wexford et al |
| **Case Number:** | 1:18-cv-01367-SLD |
| **Filer:** | |
| **Document Number:** | 25 |

**Docket Text:**
**NOTICE** *of Subpoenas* (Rice, Alexandra)

**1:18-cv-01367-SLD Notice has been electronically mailed to:**

Alexandra Newton Rice     arice@cassiday.com, msams@cassiday.com, spressler@cassiday.com

Kathryn Elizabeth Boyle    kboyle@atg.state.il.us, mbecker@atg.state.il.us, tdodson@atg.state.il.us

**1:18-cv-01367-SLD Notice has been delivered by other means to:**

Kalvin Clark
M33471
PONTIAC
CORRECTIONAL CENTER
Inmate Mail/Parcels
PO Box 99
Pontiac, IL 61764

| | |
|---|---|
| **From:** | ECF_Returns@ilcd.uscourts.gov |
| **Sent:** | Monday, January 14, 2019 10:55 AM |
| **To:** | ECF_Notices@ilcd.uscourts.gov |
| **Subject:** | [External] Activity in Case 1:18-cv-01367-SLD Clark v. Wexford et al Order |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND to** this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### CENTRAL DISTRICT OF ILLINOIS

### Notice of Electronic Filing

The following transaction was entered on 1/14/2019 at 10:54 AM CST and filed on 1/14/2019
**Case Name:**      Clark v. Wexford et al
**Case Number:**    1:18-cv-01367-SLD
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**TEXT ORDER entered by Judge Harold A. Baker on 1/14/2019. On November 14, 2018, the court directed plaintiff to clarify the identity of a nurse defendant named in page eight of his complaint within fourteen days. To date, plaintiff has not complied. The court sua sponte grants plaintiff an extension up to and including January 31, 2019, to identify the nurse at issue. After identification, the Court will make a second attempt to request a waiver of summons. Plaintiff's failure to comply will result in dismissal of this defendant. ( Miscellaneous Deadline set for Plaintiff to name the nurse defendant by 1/31/2019)(JMB, ilcd)**

**1:18-cv-01367-SLD Notice has been electronically mailed to:**

Alexandra Newton Rice    arice@cassiday.com, msams@cassiday.com, spressler@cassiday.com

Kathryn Elizabeth Boyle    kboyle@atg.state.il.us, mbecker@atg.state.il.us, tdodson@atg.state.il.us

**1:18-cv-01367-SLD Notice has been delivered by other means to:**

Kalvin Clark
M33471

1

*Exhibit*

**Zingre, Hallie**

| | |
|---|---|
| **From:** | ECF_Returns@ilcd.uscourts.gov |
| **Sent:** | Tuesday, January 15, 2019 3:20 PM |
| **To:** | ECF_Notices@ilcd.uscourts.gov |
| **Subject:** | [External] Activity in Case 1:18-cv-01367-SLD Clark v. Wexford et al Certificate of Service/Counsel |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**CENTRAL DISTRICT OF ILLINOIS**

### Notice of Electronic Filing

The following transaction was entered by Rice, Alexandra on 1/15/2019 at 3:20 PM CST and filed on 1/15/2019

| | |
|---|---|
| **Case Name:** | Clark v. Wexford et al |
| **Case Number:** | 1:18-cv-01367-SLD |
| **Filer:** | Molinero |
| | Doctor Ojelade |

**Document Number:** 24

**Docket Text:**
**CERTIFICATE of Service/Counsel** *for Discovery Directed to Plaintiff* **by Alexandra Newton Rice on behalf of Molinero, Doctor Ojelade (Rice, Alexandra)**

**1:18-cv-01367-SLD Notice has been electronically mailed to:**

Alexandra Newton Rice    arice@cassiday.com, msams@cassiday.com, spressler@cassiday.com

Kathryn Elizabeth Boyle    kboyle@atg.state.il.us, mbecker@atg.state.il.us, tdodson@atg.state.il.us

**1:18-cv-01367-SLD Notice has been delivered by other means to:**

Kalvin Clark
M33471                 ~~C503~~  STA
PONTIAC
CORRECTIONAL CENTER                E924
Inmate Mail/Parcels

1

**Zingre, Hallie**  *EXhibit*

| | |
|---|---|
| **From:** | ECF_Returns@ilcd.uscourts.gov |
| **Sent:** | Thursday, January 17, 2019 11:58 AM |
| **To:** | ECF_Notices@ilcd.uscourts.gov |
| **Subject:** | [External] Activity in Case 1:18-cv-01367-SLD Clark v. Wexford et al Set/Reset Deadlines/Hearings |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### CENTRAL DISTRICT OF ILLINOIS

#### Notice of Electronic Filing

The following transaction was entered on 1/17/2019 at 11:58 AM CST and filed on 1/17/2019

| | |
|---|---|
| **Case Name:** | Clark v. Wexford et al |
| **Case Number:** | 1:18-cv-01367-SLD |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Set/Reset Deadlines/Hearings: (Internal) Rule 16 Deadline 2/1/2019. (MB, ilcd)**

**1:18-cv-01367-SLD Notice has been electronically mailed to:**

Alexandra Newton Rice    arice@cassiday.com, msams@· · · ·  .com, spressler@cassiday.com

Kathryn Elizabeth Boyle    kboyle@atg.state.il.us, mbecker@atg.state.il.us, tdodson@atg.state.il.us

**1:18-cv-01367-SLD Notice has been delivered by other means to:**

Kalvin Clark  *STA*
M33471
PONTIAC  *E924*
CORRECTIONAL CENTER
Inmate Mail/Parcels
PO Box 99
Pontiac, IL 61764

1

Vickery # MD5471
P.O. Box 112
Torid, IL 60434

Legal Mail

U.S. District Court
Rock Island Division
211 19th Street
Rock Island, Illinois
61201

RECEIVED

FEB 14 2019

U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

553 16E 1   C18C2202/10719
NOTIFY SENDER OF NEW ADDRESS
U S DISTRICT COURT
131 E 4TH ST STE 250
DAVENPORT IA 52801-1532

RC: 52801155250   2083N641175:01567